1
2
3
4
5
6
7

8                **UNITED STATES DISTRICT COURT**

9               **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11 MARK SWEARINGEN dba SEMCO MANUFACTURING, individually and as a representative of others similarly situated, | CASE NO. 09cv473 BTM(BLM) |
| 12 | **ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT AND DENYING WITHOUT PREJUDICE MOTION TO DENY CLASS CERTIFICATION; ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED** |
| 13 | |
| Plaintiff, | |
| 14 v. | |
| 15 | |
| 16 HAAS AUTOMATION, INC., CNG ASSOCIATES, INC., MACHINING TIME SAVERS, INC., HAI CAPITAL, INC., and DOES 1 through 20, inclusive, | |
| 17 | |
| 18 Defendants. | |

19

20       Defendants have filed a motion to dismiss Plaintiff's First Amended Complaint ("FAC")

21 for failure to state a claim.  For the reasons discussed below, Defendants' motion is

22 **GRANTED**.  Defendants have also filed a separate motion to deny class certification, which

23 is **DENIED** without prejudice as being premature.

24

25                    **I.  BACKGROUND**

26       The following facts are taken from the FAC.  The Court makes no finding as to the

27 truthfulness of the allegations.

28       Haas Automation, Inc. ("Haas") manufactures machine tools which consist of four

major product lines: vertical machining centers (VMCs), horizontal machining centers (HMCs), CNC lathes and rotary tables.  (FAC ¶ 12.)  These machines sell for over $30,000 up to hundreds of thousands of dollars. (Id.)

Haas advises potential customers to purchase Haas machines from Haas Factory Outlets around the United States, including the Haas Factory Outlet located in Anaheim, California, which is a division of defendant Machining Time Savers, Inc.  ("MTS").  (FAC ¶ 13).  Haas recommends that potential customers finance their purchase through various entities, including defendants HAI Capital ("HAI") and CNC Associates, Inc ("CNC").  (FAC ¶ 14.)  Plaintiff alleges that HAI and CNC are "captive leasing companies of Haas" that facilitate purchasing and leasing arrangements between Haas and potential Haas customers. (FAC ¶ 14.)

All Haas machines are manufactured to trigger a "lock out" alarm (displayed as an error code of "144") after 800 hours of logged use.  (FAC ¶ 16.)  If a Haas distributor does not provide the machine operator with an access code within the defined time period, the machine shuts down and will not operate. (Id.)  Only if a customer is completely up to date on all payments and in compliance with all terms in the agreement(s) will the finance company allow its distributors to provide the customer with an access code that will permit another 800 hours of use.  (Id.)  If a customer is not up to date on payments or not in compliance with applicable terms, the Haas distributor will not provide an access code. (Id.) The only way a customer can, at the outset, obtain a permanent access code which will permanently "unlock" the machine is if the customer has purchased the machine outright and paid for it in full. (Id.)

Plaintiff purchased his first Haas machine from MTS in 1998.  The manual for this machine provided:

> This machine is equipped with an electronically-recorded serial number that cannot be altered.  This is done in case of theft and to track machines when sold to other owners.  After approximately 800 hours of use, the machine will automatically shut down if it has not been unlocked by Haas Automation.  To unlock the machine, we must have above registration with the serial number and the authorization from your dealer.  You will receive a number that you will write in over the serial number on setting page (# 26).  The authorization from the dealer will come upon final acceptance of the machine.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

> If, for any reason, the serial number of the machine is erased in memory, the machine will revert back to 200 hour limit for your protection.

(FAC ¶ 8.)   Plaintiff believed that the 800 hour lock-out mechanism was for his own protection and benefit.  (Id.)  When Plaintiff got the error message on this first machine, Plaintiff called MTS and received the code that unlocked the machine for another 800 hours. (Id.) Over the years, Plaintiff called MTS eight or nine more times to obtain access codes. (Id.) At no time was he advised that Defendants were using the code as a means of ensuring collections.  (Id.)

In 2000, Plaintiff bought a second Haas machine.  (FAC ¶ 9.)  Again, Plaintiff continued to get the 800 hour error code but was always provided with the access code and was never told that the code was being used for collection purposes.  (Id.)

In 2007, Plaintiff brought a third Haas machine from MTS.  (FAC ¶ 10.)  He financed the machine through CNC.  (Id.)  In late 2009, Plaintiff fell behind in his payments.  (Id.)  In November 2009, he was advised for the first time that if he did not bring his account current, he would "be denied further requests for a time code for the Haas equipment."  (Id.)  This was the first time Plaintiff had been told that the "protection" code was not to protect him, but, rather, to protect Haas and its finance arms.  (Id.)

Plaintiff brings this action of behalf of himself and a purported class of similarly situated individuals consisting of: "All business operators/entities who purchased a Haas product equipped with a collections lock out code without prior disclosure of and consent to the existence of that lock out code within the past four years."  (FAC ¶ 19.)

Plaintiff's FAC asserts the following claims against Defendants: (1) violation of the Comprehensive Computer Data Access and Fraud Act, Cal. Penal Code § 502; and (2) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200.

///
///
///
///

3

## II.  STANDARD

Under Fed. R. Civ. P. 8(a)(2), the plaintiff is required to set forth a "short and plain statement" of the claim showing that plaintiff is entitled to relief.  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory.  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988).  When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff.   See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level."  Bell Atlantic v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007).   "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id.

## III.  DISCUSSION

A.  Cal Penal Code § 502

Plaintiff claims that Defendants' use of the 144 lock-out code without disclosure or consent constitutes a violation of Cal. Penal Code § 502, specifically subsections (c)(1) and (c)(5), which provide that any person who commits any of the following acts is guilty of a public offense:

> (1) Knowingly accesses and without permission alters, damages, deletes, destroys, or otherwise uses any data, computer, computer, computer system, or computer network in order to either (A) devise or execute any scheme or artifice to defraud, deceive, or extort, or (B) wrongfully control or obtain money, property, or data.
>
> . . . .
>
> (5) Knowingly and without permission disrupts or causes the disruption of computer services or denies or causes the denial of computer services to an authorized user of a computer, computer system, or computer network.

The facts alleged in the FAC do not support a claim under subsection (c)(1).  The

1  allegations of the FAC do not establish that any of the Defendants "accessed" the computer

2  in Plaintiff's machine.  "Access" is defined as "to gain entry to, instruct, or communicate with

3  the logical, arithmetical, or memory function resources of a computer, computer system, or

4  computer network."  Cal. Penal Code § 502(b)(1).  It appears that the lock-out mechanism

5  was programmed into the machine at the time it was manufactured.  Thus, Defendants did

6  not have to "access" the machine's computer to cause the machine to shut down after 800

7  hours.

8        Plaintiff has a better argument with respect to subsection (c)(5).  If Defendants

9  impermissibly refused to give Plaintiff the access code because he was behind in payments,

10  causing the machine to shut down for a period of time, Defendants arguably knowingly and

11  without permission caused the disruption or denial of computer services.  However, as

12  Defendants point out, Plaintiff **does not ever allege that he was not provided the code**

13  **because he was behind in payments or that his machine was shut down as a result**.

14  Plaintiff alleges that he was once advised that he would be denied further requests for a time

15  code if he did not bring his account current.  (FAC ¶ 10.)  However, he does not allege that

16  he was ever actually denied the code as a result of being behind in payments.  The FAC also

17  sates, "Plaintiff has actually lost money as a result of this misconduct due to lost time and

18  effort dealing with responses to the 144 lock out codes."  (FAC ¶ 37.)  Again, Plaintiff does

19  not allege that his machine was shut down because he was denied the access code.

20        The allegations of the Complaint do not support a claim under Cal. Penal Code § 502.

21  Therefore, Defendant's motion to dismiss is **GRANTED** as to this cause of action.

22

23  B.  Cal. Bus. & Prof. Code § 17200

24        In the FAC, Plaintiff alleges that Defendants' conduct "violates California law and is

25  likely to deceive the people the State of California and the general public and Defendants

26  have, therefore, engaged in a fraudulent business practice in violation of the Unfair

27  Competition Act."

28        California's Unfair Competition Law authorizes the filing of an injunctive or

1 restitutionary relief action only by certain public prosecutors and by "any person who has
2 suffered injury in fact and has lost money or property as a result of such unfair competition."
3 Cal. Bus. & Prof. Code § 17204.   Plaintiff alleges that Defendants engaged in unfair
4 competition by using the lock-out feature of the machines to ensure collection of payments
5 without obtaining prior consent from their customers.   With respect to damages, Plaintiff
6 states he has lost money "due to lost time and effort dealing with responses to the 144 lock
7 out codes."

8      However, some time and effort, however minimal, would be required to obtain the
9 access code after 800 hours of operation *whether the machine operator was behind in*
10 *payments or not.*  Ever since Plaintiff purchased his first machine in 1998, Plaintiff knew that
11 he would have to make telephone calls after 800 hours of operation to obtain an access
12 code, and did so for years without any problem.   Plaintiff does not allege that he ever had to
13 make *special or additional efforts* to obtain the access code as the result of threats to deny
14 Plaintiff the code because he was behind in payments.   Therefore, Plaintiff has not shown
15 that he suffered an injury in fact due to Defendants' alleged unfair competition.

16      The Court also grants Defendants' motion to dismiss as to HAI and CNC, the finance
17 companies, because Plaintiff has not alleged sufficient facts establishing that these
18 companies authorized, participated in, or knew about Haas's practice of withholding the
19 access code when the machine operator was behind in payments or not in compliance with
20 the finance agreements.   Plaintiff's allegation that HAI and CNC were "captive leasing
21 companies of Haas" is conclusory and does not support a claim against these defendants.

22

23 C. Class Allegations

24      Defendants also argue that Plaintiff has failed to plead a proper class.  However, given
25 that this case is still in the pleading stages, it is too early to address the issue of class
26 definition or class certification.   Defendants have filed a separate motion to deny class
27 certification.  The Court denies this motion without prejudice as premature.

28

## IV. CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss the FAC is **GRANTED**. Plaintiff's FAC is **DISMISSED** for failure to state a claim. However, the Court grants Plaintiff leave to file a Second Amended Complaint remedying the deficiencies identified above **within 20 days** of the entry of this Order. If Plaintiff does not file a Second Amended Complaint within the prescribed time, this case will be closed. Defendants' motion to deny class certification [# 33] is **DENIED** without prejudice as being premature.

Furthermore, the Court **ORDERS** the parties to **SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED**. Although dismissal of federal claims after removal does not deprive a federal court of the power to adjudicate remaining pendent state claims, "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). In deciding whether to exercise jurisdiction over pendent state law claims, the court should "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity . . . ." Carnegie-Mellon University v. Cohill, 484 U.S. 343, 349-50 (1988). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Id. at 350 n. 7. The parties shall file responses to the OSC on or before **August 26, 2009**. The hearing on the OSC is set for **August 28, 2009 at 11:00 a.m.** Unless otherwise directed by the Court, there shall be no oral argument, and no personal appearances are necessary.

**IT IS SO ORDERED.**

DATED: August 10, 2009

_Barry Ted Moskowitz_
Honorable Barry Ted Moskowitz
United States District Judge