1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **SOUTHERN DISTRICT OF CALIFORNIA**
10
11   | MARK SWEARINGEN dba SEMCO | CASE NO. 09cv473 BTM(BLM) |
     | MANUFACTURING, individually and as a | |

12   representative of others similarly     **ORDER DENYING MOTIONS FOR**
     situated,                              **ATTORNEY'S FEES**
13
                                  Plaintiff,
14        v.
15   HAAS AUTOMATION, INC., CNG
     ASSOCIATES, INC., MACHINING TIME
16   SAVERS, INC., HAI CAPITAL, INC., and
     DOES 1 through 20, inclusive,
17
                                 Defendants.
18
19        Defendants Haas Automation, Inc., CNC Associates, Inc. and HAI Capital, Inc. ("Haas
20   Defendants") and Defendant Machining Time Savers, Inc. ("MTS") have filed motions for
21   attorney's fees.  For the reasons discussed below, Defendants' motions are **DENIED**.
22
23                         **I.  BACKGROUND**
24        All Haas machines are manufactured to trigger a "lock out" alarm (displayed as an
25   error code of "144") after 800 hours of logged use.  (SAC ¶ 16.)  If a Haas distributor does
26   not provide the machine operator with an access code within the defined time period, the
27   machine shuts down and will not operate.  (Id.)  According to Plaintiff, only if a customer is
28   completely up to date on all payments and in compliance with all terms in the agreement(s)

                                    1

1  will Haas allow its distributors to provide the customer with an access code that will permit

2  another 800 hours of use.  (Id.)  Plaintiff alleges that although he knew about the 800 hour

3  lock-out mechanism (which was described in the machine's manual), he was never told that

4  Defendants could refuse to give him the code as a means of ensuring collections.

5  　　　　Plaintiff, on behalf of himself and a class of similarly situated individuals, commenced

6  this suit in the Superior Court of California, County of San Diego.  On March 10, 2009,

7  Defendants removed the case.  Plaintiff's original complaint asserted the following claims:

8  (1) violation of the  Comprehensive Computer Data Access and Fraud Act, Cal. Penal Code

9  § 502; (2) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200;

10 and (3) violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.

11 　　　　Subsequent to removal, Defendants filed motions to dismiss.  These motions to

12 dismiss were denied as moot due to Plaintiff's filing of a First Amended Complaint ("FAC")

13 on April 16, 2009.  Plaintiff's FAC eliminated the Fair Debt Collection Practices Act claim.

14 　　　　On June 5, 2009, Defendants filed a motion to dismiss Plaintiff's FAC.  Shortly

15 thereafter, Defendants also filed a motion to deny class certification.  In an order filed on

16 August 10, 2009, the Court granted Defendants' motion to dismiss.  In the Order, the Court

17 explained that Plaintiff's claims were deficient because, inter alia, Plaintiff had failed to allege

18 that Defendants had ever refused to provide him with an access code, resulting in additional

19 efforts on the part of Plaintiff to obtain the code or in the machine shutting down.  Absent

20 allegations that he was injured by Defendants denying him the code, Plaintiff had failed to

21 state a claim under Cal. Penal Code § 502 or Cal. Bus. & Prof. Code § 17200.  Accordingly,

22 the Court dismissed the FAC for failure to state a claim but granted Plaintiff leave to file a

23 Second Amended Complaint.  The Court denied without prejudice Defendants' motion to

24 deny class certification as premature.

25 　　　　On August 27, 2009, Plaintiff filed his Second Amended Complaint ("SAC").  Plaintiff's

26 SAC added a few factual allegations but did not remedy the deficiencies identified by the

27 Court in its August 10 order.  Defendants filed a motions to dismiss the SAC, which was

28 granted in an order filed on November 12, 2009.  With respect to the Cal. Penal Code § 502

1 claim, the Court held that Plaintiff had failed to state a claim because he had not alleged that
2 any interruption in the operation of his machine was due to Defendants denying him the code
3 because he was behind in payments.  The Court also held that Plaintiff lacked standing to
4 bring a § 17200 claim because he had failed to allege that he suffered injury as a result of
5 the alleged unfair/unlawful actions – i.e., that he had to make special or additional efforts to
6 obtain the code because Defendants denied or threatened to deny Plaintiff the code because
7 he was not current on payments.

8      The Court dismissed the SAC.  However, the Court granted Plaintiff leave to file a
9 motion for reconsideration on or before November 23, 2009, *if Plaintiff in fact requested the*
10 *access code from a defendant and the defendant refused to provide it.*  Plaintiff did not file
11 a motion for reconsideration, and judgment was entered on December 1, 2009.

12

13                        **II. <u>DISCUSSION</u>**

14      The Haas Defendants and MTS have filed motions for attorney's fees in the aggregate
15 amount of approximately $130,000.  As discussed below, the Court holds that Defendants
16 are not entitled to the recovery of attorney's fees under statute or contract.

17

18 A. <u>Cal. Penal Code § 502(e)(2)</u>

19      California law governs whether Defendants have a right to recover their attorney's
20 fees. <u>MRO Communications, Inc. v. American Tel. & Tel. Co.</u>, 197 F.3d 1267, 1281 (9th Cir.
21 1999).  California law provides for the recovery of attorney's fees when authorized by
22 contract or statute.  Cal. Civ. Proc. Code § 1033.5(a)(10).

23      Defendants contend that they are entitled to recover their attorney's fees under Cal.
24 Penal Code § 502(e)(2), which provides: "In any action brought pursuant to this subdivision
25 the court may award reasonable attorney's fees."  All three of Plaintiff's complaints asserted
26 a claim under Cal. Penal Code § 502.

27      Plaintiff counters that § 502(e)(2) does not say anything about awarding fees to the
28 prevailing defendant.  Plaintiff relies on <u>Optistreams, Inc. v. Gahan</u>, 2006 WL 829113, *10

09cv473 BTM(BLM)

1   (E.D. Cal. March 28, 2006), in which the court noted that the court was "unaware of . . . any

2   authority for awarding attorney's fees to a defendant under 502(e)(1) [sic]."

3        Although the language of § 502(e)(2) does not say whether a prevailing defendant

4   may or may not recover attorney's fees, an examination of the history of § 502 reveals that

5   it was the intention of the California legislature to allow only prevailing plaintiffs to recover

6   attorney's fees.   Originally, § 502(e)(2) read: "In any action brought pursuant to this

7   subdivision the court may award reasonable attorney's fees to a prevailing party." See 1987

8   Cal. Legis Serv. Ch. 1499 (S.B. 255) (West).  In 2000, this section was amended to delete

9   the words "to a prevailing party."  See 2000 Cal. Legis. Serv. Ch. 635 (A.B. 2727) (West).

10       Any material change in the language of a statute usually indicates a change in its legal

11  effect. Davis v. Harris, 61 Cal. App. 4th 507, 511 (1998).  "[T]he mere fact that the legislature

12  enacts an amendment indicates that it thereby intended to change the original act by creating

13  a new right or withdrawing an existing one."  Froid v. Fox, 132 Cal. App. 3d 832, 837 (1982)

14  (quoting 1A Sutherland, Statutory Construction (4th ed. 1973) § 22.30, p. 178).  This

15  presumption applies where the legislature deletes an express provision of a statute. City of

16  Irvine v. Southern California Ass'n of Gov'ts, 175 Cal. App. 4th 506, 522 (2009).  Thus, in

17  City of Irvine, the Court held that the legislature's deletion of an express provision allowing

18  review of a regional housing needs assessment by administrative mandamus reflected the

19  legislature's intent to preclude that judicial remedy under the revised law.  Id. at 522.

20       The fact that the state legislature deleted the words "to a prevailing party" indicates

21  that it intended that attorney's fees no longer be available to *all* prevailing parties.  A review

22  of the legislative history clarifies that the legislature's intent was to limit attorney's fee awards

23  to prevailing *plaintiffs* only.

24       Originally, § 502(e)(1) provided that "the owner or lessee of the computer, computer

25  system, computer network, computer program, or data may bring a civil action against any

26  person *convicted* under this section . . . ." (Emphasis added.) See 1987 Cal. Legis Serv. Ch.

27  1499 (S.B. 255) (West).  In 2000, § 502(e)(1) was amended to allow a suit for civil damages,

28  regardless of whether a conviction was obtained.  See 2000 Cal. Legis. Serv. Ch. 635 (A.B.

4

09cv473 BTM(BLM)

2727) (West).  Under the revised civil enforcement scheme, plaintiffs bringing a civil suit in the absence of a conviction run a greater risk of not prevailing.  To ensure that plaintiffs are not deterred from bringing suit by the fear of losing and being held liable for the defendant's attorney's fees, the legislature also amended the attorney's fee provision.  The Senate Judiciary Committee explained:  "[E]xisting law allows the award of attorney's fees to prevailing parties.  In response to concerns that this language might chill desired civil enforcement under the proposed new civil cause of action, this provision is proposed for repeal."  California Bill Analysis, A.B. 2727 Sen., 8/08/2000.

Because the statutory history reveals that it was the legislature's intent to limit the recovery of attorney's fees to prevailing plaintiffs only, the Court construes § 502(e)(2) accordingly and holds that Defendants are not permitted to recover their attorney's fees under this statutory provision.  See Select Base Materials, Inc. v. Board of Equalization, 51 Cal. 2d 640, 645 (1959) (explaining that the fundamental rule of statutory construction is that the court should ascertain the intent of the legislature so as to effectuate the purpose of the law).

B. Lease

Defendants also contend that they are entitled to the recovery of their attorney's fees pursuant to the lease agreement for Plaintiff's second Haas machine.  (Ex. A to Schiffres Decl.)  The lease agreement  provides for remedies in the event of default including, but not limited to, rendering the equipment unusable, terminating the lease, and suing for all amounts due.  (Lease Agreement ¶ 19.)  The lease agreement also provides: "Lessee shall pay to Lessor all costs and expenses, including attorneys' fees and Court costs incurred by Lessor of [sic] awarded by the court in exercising any of Lessor's rights or remedies hereunder or enforcing any of the terms or provisions herein."

The Court does not interpret the attorney's fee provision as encompassing this lawsuit.  The attorney's fees incurred by CNC (the only defendant actually a party to the lease agreement) in this action were not incurred "in exercising any of Lessor's rights or remedies"

1   under the lease agreement.  CNC's attorney's fees were incurred in connection with

2   defending against Plaintiff's claims of statutory violation

3       Similarly, CNC's attorney's fees were not incurred in "enforcing any terms or

4   provisions" of the lease agreement.  Although one of CNC's ultimate defenses in this action

5   was that it was entitled to render the machine unusable under the terms of the lease

6   agreement, CNC cannot be deemed to have been "enforcing" a term or provision of the lease

7   agreement.  Cf. Exxess Elextronixx v. Heger Realty Corp., 64 Cal. App. 4th 698, 709 (1998)

8   ("[W]here a lease authorizes an award of attorneys' fees in an action to 'enforce any . . .

9   provision . . . of this [contract],' tort claims are not covered.").

10       Under the clear and explicit language of the attorney's fee provision, CNC is entitled

11   to recover attorney's fees incurred while exercising remedies under the lease agreement,

12   such as suing to recover unpaid amounts, or while enforcing terms of the agreement.  CNC

13   was not doing either of these things in this action.  Therefore, Defendants are not entitled to

14   the recovery of attorney's fees under the lease agreement.

## III.  CONCLUSION

For the reasons discussed above, Defendants' motions for attorney's fees are **DENIED**.

**IT IS SO ORDERED.**

DATED:  April 14, 2010

Honorable Barry Ted Moskowitz
United States District Judge